**Xiu Rong CHEN, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General GONZALES[1] Respondent.**

**No. 03–41155–AG NAC.**

United States Court of Appeals, Second Circuit.

Nov. 15, 2005.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for for-mer Attorney General John Ashcroft as a respondent in this case.

Yee Ling Poon, Jay Ho Lee, New York, New York., for Appellant.

Toi Denise Houston, Assistant United States Attorney for the Northern District of Indiana, Catherine A. Breitweiser, Law Clerk, Hammond, Indiana, for Appellee.

Present: CABRANES, WESLEY, and HALL, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is hereby DENIED.

Xiu Rong Chen, through counsel, petitions for review of the BIA decision denying her claims for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews an IJ's factual findings under the substantial evidence standard. The IJ's "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

■ The IJ's decision on the merits of Chen's asylum claim relied solely on the IJ's finding of adverse credibility. The IJ found that Chen was not credible and was unable to meet her burdens of proof as a result. The IJ based her adverse credibility finding on several different grounds. After examining each ground, it is clear that substantial evidence supports the finding.

■ The IJ found that Chen was not credible, in part, because of the absence of several important documents that Chen described in her testimony. These included: the certificate stating that she had an IUD inserted, the certificate verifying she was sterilized, documents relating to the injuries her husband sustained in an alter-

cation with the cadres, the receipts for fines she received for violating the family planning policies, her first son's birth certificate, and proof that she had suffered an infection after the IUD was inserted. *Id.*

Failure to produce reasonably available corroborating evidence or adequately explain its absence may be a factor supporting an adverse credibility finding. *Diallo v. INS,* 232 F.3d 279, 287 (2d Cir.2000). Given Chen's inconsistencies in her testimony, it was proper for the IJ to require corroboration of her claims. This is especially true given these documents are some of the most essential and relevant to Chen's claim that she was forcibly sterilized by the Chinese government. Chen's excuses, which include everything from documents being lost to documents being eaten by rats, do not need to be credited by the IJ. Therefore, the IJ's emphasis on Chen's failure to provide these documents is a proper basis for determining that she was not credible.

The IJ's adverse credibility finding also rested on Chen's testimony and written application being inconsistent regarding when she went into hiding. Chen omitted this information altogether from her initial asylum application. The omission of a collateral matter alone is not sufficient to justify a finding of adverse credibility. *Diallo,* 232 F.3d at 282. However, it can be used as one of several factors in determining if an applicant for asylum is credible. *Id.* Thus, the IJ properly considered this as one factor supporting the adverse credibility finding.

The IJ also found Chen's story to be implausible in one respect. Specifically, the IJ did not believe that Chen would return home, and come out of hiding, after she had been threatened by the cadres. Chen clearly indicated that she was afraid to return home for the IUD checkup because she had already had the IUD re-

moved, yet she returned home anyway. The IJ's finding of implausibility is supported by substantial evidence, and it was a proper basis for the IJ make an adverse credibility finding.

The IJ relied on additional factors in making her adverse credibility finding, but it is unnecessary to discuss them here because the aforementioned reasons are sufficient to justify the IJ's finding of adverse credibility. Moreover, Chen did not present any evidence that she would be tortured if she is returned to China, so the denial of Chen's claim for relief under CAT was also supported by substantial evidence in the record.

Accordingly, the petition for review is denied. The petitioner's motion for stay of removal is denied.